```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
ROXANNE PURCELL,
```
                        Plaintiff,

                        v.

NEW YORK POLICE DEPTARTMENT,

                        Defendant.
```
------------------------------------------------X
```

**NOT FOR PUBLICATION**

**<u>MEMORANDUM & ORDER</u>**
17-CV-5673 (PKC)(RLM)

PAMELA K. CHEN, United States District Judge:

*Pro* se Plaintiff Roxanne Purcell filed the above-captioned complaint on September 27, 2017 against the New York Police City Department ("NYPD"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. For the reasons discussed below, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

**I.**     **Background**

The Complaint consists of handwritten answers on a Civil Rights Complaint form pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Complaint, Dkt. 1.) Plaintiff alleges that her son was killed by the police in Staten Island on August 15, 2015. (*Id.* at 4-5.) She states, "NYPD flew me to New York to talk my son out of his apartment, so they can kill him." (*Id.* at 5.) She asserts that the NYPD claimed that they had a warrant, but that they did not provide her with a copy of it or a police report, and that they did not "give me any answers regarding why they [were] at his apartment." (*Id.* at 4-5.) She further alleges that after her son was killed, she and her family were left stranded in New York, with no way to return home in Delaware. (*Id.*)

Plaintiff alleges that she suffers from mental anguish and the loss of financial support provided by her son. (*Id.* at 5-6.) She states, "I keep hearing the gunshots and seeing my son laying dead on [the] ground due to a picture that was taken of the body after he was shot." (*Id.* at 6.) She seeks $20 million in damages and "answers to [her] questions." (*Id.*)

## II. Discussion

### a. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court must grant leave to amend the complaint if a liberal reading of the complaint "gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### b. Improper Defendant

The only defendant Plaintiff names is the NYPD, which is an agency of the City of New York ("City"). The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Because Plaintiff may not sue a

City agency, her claims against the NYPD are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### c. Claims under Section 1983

While Plaintiff could substitute the City as a defendant, such a substitution would be futile with respect to any claim pursuant to 42 U.S.C. § 1983. Section 1983 permits a plaintiff to seek damages for violations of his or her constitutional rights. The plaintiff must allege that "the conduct complained of [was] committed by a person acting under color of state law," and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). A municipality can only be liable under Section 1983 if the plaintiff can show that a municipal policy or custom caused the deprivation of constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). In this case, Plaintiff has not alleged any unconstitutional policy or custom of the NYPD that would confer municipal liability. Moreover, Plaintiff has not alleged that any of *her* constitutional rights were violated. Rather, she states that the NYPD brought her to New York and then stranded her there. She also alleges that her son's death caused her emotional and financial harm and that the NYPD failed to answer her questions or provide her

3

with a copy of a police report or arrest warrant. None of these claims implicate any of her constitutional rights.

Accordingly, because Plaintiff does not allege any custom or practice by the NYPD or that the NYPD violated any of her constitutional rights, any claim under Section 1983 against the City would be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

### d. Possible State Law Claims

In light of Plaintiff's *pro se* status, the Court has considered whether her Complaint could assert claims against the City under New York law and this Court's diversity jurisdiction. However, Plaintiff's possible claims for personal injury or wrongful death do not comply with the requirements of New York General Municipal Law. The law provides:

> No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or of any officer, agent or employee thereof . . . unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice . . . and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.

---

[1] Plaintiff may, however, bring a Section 1983 claim on behalf of her son's estate if she is his personal representative. *See Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982) ("When a party dies before pursuing his cause of action under Section 1983, the claim survives for the benefit of his estate if applicable state law creates a right of survival. Under New York law[,] the claim arising from the infringement of [the deceased's] civil rights survives his death and may be asserted by his personal representative."). The statute of limitations for such a claim is three years in New York. *Stillman v. Marlboro State Hosp.,* No. 03 CIV. 975(SHS), 2003 WL 22349677, at *1 (S.D.N.Y. Oct. 15, 2003).

4

N.Y. Gen. Mun. Law § 50-i(1).  Section 50-e requires that the notice of claim be filed within 90 days after the claim arises or, in the case of a wrongful death action, within 90 days after the appointment of a representative of the decedent's estate.  N.Y. Gen. Mun. Law § 50-e(1)(a). "[F]ederal courts entertaining state-law claims against . . . municipalities are obligated to apply the [state] notice-of-claim provision." *Felder v. Casey,* 487 U.S. 131, 151 (1988).  Thus, in order to proceed on state law claims against the City of New York, Plaintiff must have commenced her action within two years of the date of the event and she must allege that she filed a timely notice of claim with the City.  "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999); *see, e.g., Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 348 (E.D.N.Y. 2013) (dismissing claims where the plaintiff failed to plead that he filed a timely notice of claim).

In this case, Plaintiff has not alleged that she filed a notice of claim against the City within 90 days of her son's death.  Even if she had filed a timely notice of claim, Plaintiff was required to file this action within two years of the event.  Plaintiff's son was killed on August 15, 2015 and Plaintiff filed this action on September 27, 2017, more than a month after the statutory time limit had expired.  Accordingly, the Court finds that Plaintiff has failed to comply with the requirements of New York's General Municipal Law § 50-i, and thus it would be futile for her to amend the Complaint to name the City of New York as a defendant.

### III.  Leave to Amend

As discussed, *see supra* at footnote 1, if Plaintiff is appointed as the representative of her son's estate, she might be able to bring a Section 1983 action on behalf of the estate, based on the violation of her son's constitutional rights.  The Court, therefore, permits Plaintiff thirty (30) days

5

in which to amend the Complaint. If Plaintiff elects to do so, she must comply with Fed. R. Civ. P. 8, which means that she must name proper defendant(s) and "must demonstrate [each] defendant's direct or personal involvement" in the actions that are allege have caused the deprivation of her son's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

## IV. Conclusion

For the reasons discussed, the Complaint is dismissed. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff does not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter.

SO ORDERED.

/s/*Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
October 23, 2017